COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO. 2-06-470-CV

 

 

IN THE INTEREST OF
M.M.M., 

A CHILD

 

                                              ------------

 

               FROM THE 97TH DISTRICT COURT OF CLAY COUNTY

 

                                              ------------

 

OPINION

 

                                              ------------

Appellant Dennis M. appeals from the trial court=s denial
of his petition to terminate the parental rights of Appellee Melissa R. to
their daughter, M.M.M., who is ten years old. 
In two issues, Dennis contends that the trial court erred by not filing
findings of fact and conclusions of law and that the trial court abused its
discretion by denying his petition to terminate.  Because we hold that the trial court did not
err by not filing findings of fact and conclusions of law and that the trial
court did not abuse its discretion by denying termination, we affirm the trial
court=s order.








In his first issue, Dennis argues that the trial
court erred by not filing findings of fact and conclusions of law.  The trial occurred on August 31, 2006.  On September 14, 2006, the trial court sent
the parties a letter stating, 

AThe
Court finds that the termination of the parent-child relations[hip] is not in
the best interest of the child.  The
Court denies the termination of parental rights between the child and the
mother.  Mr. Allensworth should prepare
a[] proposed order in accordance with the Court=s
ruling.@  The footer of the letter provides, ADistrict
Judge=s >Letter
of Decision=@ and AFiled
September 14[,] 2006.@ 
The letter was indeed filed that same day.  The order denying termination was signed more
than two months later on November 16, 2006. Although Appellant timely requested
findings of fact and conclusions of law and timely reminded the trial court
that they had not yet been filed,[1]
the trial court did not file postjudgment findings of fact and conclusions of
law.








Rule 27.2 of the appellate rules of procedure
provides, AThe appellate court may treat
actions taken before an appealable order is signed as relating to an appeal of
that order and give them effect as if they had been taken after the order was
signed.@[2]  We therefore treat the trial court=s
finding that termination is not in M.M.M.=s best
interest as a finding of fact.[3]

Dennis argues, however, that the trial court=s ALetter
of Decision@ and final order denying
termination do not Ashed any light on the trial
court=s
reasoning and facts supporting the ruling on best interests.@  Our sister court in Amarillo has addressed a
similar issue in a custody matter:

In her first issue,
Michelle argues that, although it entered findings of fact and conclusions of
law, the trial court should have made additional findings which pertained Ato its two conclusions of
law 6 and 7 that it was in the best interests of the child to appoint the
parties joint managing conservators and to appoint Appellee as the custodial
joint managing conservator.@  Because
those additional findings were not made, she allegedly suffered harm.  We overrule the issue.

 

A trial court's duty to
enter additional findings of fact and conclusions of law is finite; that is, it
need only enter additional findings and conclusions on ultimate or controlling
issues.  Findings that are evidentiary in
nature do not fall within that scope.  .
. .








Next, authority defines
ultimate or controlling issues or facts as those that are essential to the
cause of action or defense.  If the fact
is necessary to form the basis of the judgment, then it is an ultimate or
controlling one.  In contrast, an
evidentiary fact is one that may be considered by the factfinder in deciding
the controlling issue and is necessarily embraced in the determination of the
ultimate issue.  For instance, requests
which, in essence, ask the court to explain what it relied on or how it arrived
at a particular finding are evidentiary. 
And, being evidentiary, the trial court need not address them.

 

. . .
.

. . . [T]he ultimate or controlling issue when addressing questions of
conservatorship and possession is the best interests of the child.  Here, the trial court entered findings of
fact and conclusions of law.  Therein, it
stated that it was Ain the best interest
of the child to name the parties Joint Managing Conservators,@ and it was Ain the best interests of
the child that Michael . . . be named as Joint Managing Conservator who
should have the following exclusive rights: 
(a) [t]o determine the primary residence of the child . . . .@  (Emphasis added).  Thus, the findings of fact and conclusions of
law at bar did expressly address the ultimate or controlling fact essential to
the claim and necessary to the judgment executed below.  No additional findings were needed. This is
especially so when Michelle described the absent findings as those depicting Athe basis for giving
principal custody of [C.M.A.] to the Appellee@ and illustrating A[h]ow or why the trial
court decided to name the Appellee as custodial joint managing conservator . .
. .@  Again, Dura-Stilts tells us that
proposed findings which simply address how or why the trial court resolved the
ultimate fact in a particular way are merely evidentiary and need not be
entered.  So, we find no error in the
trial court=s failure to enter the
additional findings sought by Michelle.[4]

 








Dennis requests findings that address why the trial court found that
termination was not in M.M.M.=s best
interest.  The findings he requests are
therefore merely evidentiary, and the trial court had no duty to enter them.[5]  Accordingly, we overrule Dennis=s first
issue.

In his second issue, Dennis contends that the
trial court abused its discretion by denying termination and that there is no
evidence to support the trial court=s
ruling.  Dennis had the burden to prove,
by clear and convincing evidence, that termination was in M.M.M.=s best
interest.[6]  Melissa had no burden of proof.  While the evidence shows that 

$                  
Melissa has been in and out of jail for a number of years because of
her drug problems,

 

$                  
Melissa has failed to pay child support for several years and has
never paid medical support,

 

$                  
Melissa has no stability,

 

$                  
Melissa=s lifestyle would pose a
danger to M.M.M. were she to get possession of the child,

 

$                  
Melissa has not seen the child in several years,

 








$                  
M.M.M. has no desire to see Melissa and does not ask about her,

 

$                  
M.M.M. is a happy, well-adjusted child who does well in school,

 

$                  
Dennis and Debbie, his wife, have raised M.M.M. for most of her life,
and she considers Debbie to be her mother, and

 

$                  
Debbie wants to adopt M.M.M.,

 

the evidence also shows
that

 

$                  
Dennis and Debbie have refused to allow Melissa to see the child for
several years despite the trial court=s standard possession order and the parties= alleged rule 11
agreement,

 

$                  
Melissa would agree to visitation with M.M.M. supervised by Melissa=s mother,

 

$                  
Dennis has been on disability for M.M.M.=s entire life, and

 

$                  
Debbie has no stable employment.

 

The evidence is conflicting on the
appropriateness of Melissa=s mother
to supervise visitation and Dennis=s
alleged drug use in the past.  We also
note that the child=s attorney ad litem did not give
a solid recommendation to the trial court regarding termination but stated that
Dennis=s
interference with Melissa=s visitation with M.M.M. had not
been adequately addressed in the litigation and that he wished M.M.M. could
have had counseling.  Debbie had earlier
testified that M.M.M. did not need counseling.








Considering all the evidence in light of the Holley
factors,[7]
we cannot say that the trial court abused its discretion by denying
termination.  Accordingly, we overrule
Dennis=s second
issue.

Having overruled both of Dennis=s
issues, we affirm the trial court=s order
denying termination.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  June 21, 2007











[1]See Tex. R. Civ. P. 296, 297.





[2]Tex. R. App. P. 27.2.





[3]See id.; In
re C.H., 89 S.W.3d 17, 27 (Tex. 2002) (noting that best interest is an
issue for the jury). See also Tex.
R. Civ. P. 306c (providing that prematurely filed requests for findings
of fact shall be treated as filed on the same date of the judgment but after
the time of its signing).





[4]In re Marriage of Jameson, No. 07-02-00476-CV, 2004 WL 237829, at *1-2 (Tex.
App.CAmarillo Feb. 9, 2004, pet. denied) (mem. op.)
(citations omitted).





[5]See id.; but
see In re Marriage of Edwards, 79 S.W.3d 88, 99, 103 (Tex. App.CTexarkana
2002, no pet.) (abating for additional findings of fact, even though one of the
conclusions of law provided that appointing the father as sole managing
conservator and the mother as possessory conservator was in the best interests
of the children, because Athe trial court=s findings of fact do not contain any facts on which
the ultimate issue of the best interests of the children could be predicated@).





[6]See TEX. FAM. CODE ANN. ''
161.005, 161.206(a) (Vernon Supp. 2006); In re J.F.C., 96 S.W.3d 256,
263 (Tex. 2002).





[7]See Holley v. Adams, 544 S.W.2d 367, 371‑72 (Tex. 1976).